UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA DANIELS-BEY,

    Petitioner,

v.

CHRISTOPHER ASTFALK and
MARK E. PLAZA,

    Respondents.

Case No. 2:15-mc-51221
Honorable Laurie J. Michelson

## OPINION AND ORDER
## DISMISSING PETITION FOR LACK OF SUBJECT-MATTER JURISDICTION

Federal Rule of Civil Procedure 27 permits a "person who wants to perpetuate testimony about any matter cognizable in a United States court" to "file a verified petition in the district court for the district where any expected adverse party resides" asking "for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony." Martha Daniels-Bey has filed a Rule 27 petition to take the depositions of Christopher Astfalk and Mark Plaza. The Court concludes, however, that it lacks subject-matter jurisdiction over Daniels-Bey's petition.

Regarding subject-matter jurisdiction, Daniels-Bey's petition states,

> Martha Daniels-Bey submits this petition with the authority of the Moroccan (Moorish) Empire and states this court has subject matter jurisdiction pursuant to FRCP Rule 27, the United States Republic Constitution, the Treaty of Peace and Friendship (1836), divine law, International Laws of Commerce and Trade, and Title 22 Foreign Relations and Intercourse. This request to conduct the perpetual deposition(s) is necessary in the interest of justice and the prompt and proper due process of law guaranteed by the United States Republic Constitution and the Bill of Rights.

(Pet. at 1.) Other than Rule 27, there is no reason to think that the cited sources, divine or not, provide federal courts jurisdiction over petitions seeking pre-suit depositions. And the mere reference to federal law does not suffice to invoke jurisdiction under 28 U.S.C. § 1331. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal quotation marks omitted)).

As for Rule 27, the Fifth Circuit has stated, "There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts." *Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979) (citing *Arizona v. California*, 292 U.S. 341, 347 (1934)).

But at least one court disagrees. In *Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 291 (S.D.N.Y. 2009), Naisha Jackson was fired for misconduct. *Id.* at 291. She filed a charge with the EEOC, but believed that she needed to preserve evidence while she exhausted her administrative remedies. *Id.* So she filed a petition pursuant to Rule 27. *Id.* But Jackson "did not allege any basis of federal subject matter jurisdiction" and so the court issued a show-cause order. In response, Jackson relied on *United States v. Mosseller*, 158 F.2d 380 (2d Cir. 1946) and its statement that Rule 27 is "a simple ancillary or auxiliary remedy to which the usual federal jurisdictional and venue requirements do not apply." *Jackson*, 683 F. Supp. 2d at 292.

The court was not persuaded. It concluded that *Mosseller* was "no longer . . . good authority" because it relied on 28 U.S.C. § 644 ("any district court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken in

2

perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States"), which Congress had since repealed. *Jackson*, 683 F. Supp. 2d at 292. After finding no other "statutory basis for jurisdiction over a Rule 27 petition," the court noted that "[t]his leaves Rule 27 in an anomalous situation": "a petitioner seeking [pre-suit] discovery from persons or entities of common citizenship or in circumstances where there is no other proper basis of subject matter jurisdiction is left without a remedy under Rule 27." *Id.*[1] Notably, *Dresser* cited *Arizona* for its rule, and *Arizona*, like *Mosseller*, relied on now-repealed 28 U.S.C. § 644. *See Arizona*, 292 U.S. at 347 n.3.

In this case, the Court need not resolve this issue. Assuming *Dresser* applies, Daniels-Bey has not shown that a federal court would have jurisdiction over her future lawsuit. *See Dresser*, 596 F.2d at 1238. Daniels-Bey states that the suit she intends to file will be for (1) "violations of acting under the color of law pursuant to 42 USC 1983, 18 USC 241, and 18 USC 242," (2) violations of her Constitutional rights, including violations of the "Fourth, Fifth, and Sixth amendments for failing to provide due process of law," and (3) "tort liability damages pursuant to the Tucker Act and the Alien Tort Act." (Pet. at 1, 4.) But, as far as this Court can tell, the factual basis for Daniels-Bey's putative suit is a wrongful foreclosure, which, in this Court's experience, does not give rise to claims under § 1983, the Constitution, the Tucker Act, or the Alien Tort Act. And Tucker's petition does not explain how a wrongful-foreclosure action would arise under those federal laws. As stated, the mere citation to federal law does not suffice to invoke a federal court's jurisdiction under 28 U.S.C. § 1331. *See Arbaugh*, 546 U.S. at 513. As for 28 U.S.C. § 1332, the petition does not provide sufficient information for this Court to conclude that Daniels-Bey's citizenship is diverse from those she intends to sue. Indeed, it is not

---

[1] The *Jackson* court, however, does not address how the monetary threshold would be satisfied if jurisdiction is to be determined without reference to the contemplated action.

even clear whom Daniels-Bey intends to sue. As such, Daniels-Bey has not established this Court's jurisdiction over her petition even under *Dresser*'s rule.

For the reasons provided, Daniel-Bey's Rule 27 petition will be dismissed without prejudice for lack of subject-matter jurisdiction.[2]

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: April 7, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 7, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

---

[2] The Court does not opine on the merits, but does note that a successful Rule 27 petition generally requires a showing that suit cannot be filed and that pre-suit depositions are necessary to preserve evidence. *See* Fed. R. Civ. P. 27(a)(1)(A), (a)(3); *Jackson*, 683 F. Supp. 2d at 293; *Lucas v. Judge Advocate Gen., Naval Criminal Investigative Servs.*, 245 F.R.D. 8, 9 (D.D.C. 2007).